UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSIE SAMUEL RUFUS BENFORD, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV1823 HEA |
| ) | |
| WERNER ENTERPRISES, ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings, [Doc. No. 27]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is granted.

### Facts and Background

Plaintiff filed this action using the Court's "Employment Discrimination Complaint" form. On the form, Plaintiff has checked that his lawsuit is based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. for employment discrimination. Plaintiff also contends that his suit is based on the Code of Federal Regulations, Part 49-396-17 Subchapter (G)(H).[1] In the nature of the case section, Plaintiff has checked the following conduct: retaliation;

---

[1] On February 10, 2009, the Court struck Plaintiff's references to the Code of Federal Regulations as being immaterial t Plaintiff's claims of employment discrimination.

harassment; and other, to wit, "Employee harassed for upholding Federal Law. Furthermore, Plaintiff states that he believes he was discriminated against because of his race, religion, gender, and other, to wit, "upholding Federal Law."

Plaintiff presents the following description of the conduct he believes was discriminatory:

> When assigned truck, I complained that truck wasn't in condition to be driven on public highways. I was told by supervisor Tom Regan, stop "being a big baby." Get out and fix windshield wiper yourself. Wiper stopped working in rainstorm in Tennessee.
> When engine failed in Effingham, IL, I was told by mechanics at Peterbilt, "This truck was for demo purposes only," should have never been assigned for over the road.
> When I was assigned a different truck, abandoned by previous driver, during pre-trip I discovered numerous violations, including balding tires, worn break pads, misaligned steering column, on top of filthy interior, I complained to supervisor, Brian Spangler in order to have certified inspection and proper repairs on truck.
> Brian Spangler responded, "You will either accept this truck or else you will be terminated and charged with towing fees."
> This is the stern attitude that throughout my experience in the trucking industry that dispatchers generally display. I turn to the Federal Courts for relief.
> I was told by Tom Regan as well as Brian Spangler, "Avoid all terminals when driving in order to avoid inspections."
> I was also harassed by Former Phillipine (sic) Trainer, "Jimmy." (January, 2006). He continued to show me picture of his "son." Small kid with oversized penis. I complained to management because fight almost broke out because of his persistence to show me this picture. I got off of truck in Portland Oregon and paid my own way home. Mechanics at Dallas and Indiana Werner' Terminals complained of "too many trucks" not enough Mechanics."

Defendant moves for judgment on the pleadings arguing that Plaintiff's Complaint fails to state a claim upon which relief can be granted and that it is entitled to judgment as a matter of law.

### Standard for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure establishes that "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Faibisch v. Univ. of Minn.,* 304 F.3d 797, 803 (8th Cir.2002) (citing *United States v. Any & All Radio Station Transmission Equip.,* 207 F.3d 458, 462 (8th Cir.2000)). When presented with a motion for judgment on the pleadings, a district court must " 'accept as true all factual allegations set out in the complaint" and "construe the complaint in the light most favorable to the plaintiff[s], drawing all inferences in [their] favor.' " *Ashley County, Ark. v. Pfizer, Inc.,* 552 F.3d 659, 665 (8th Cir.2009) (quoting *Wishnatsky v. Rovner,* 433 F.3d 608, 610 (8th Cir.2006)). The standard for judgment on the pleadings is the same as that for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Ashley County, Ark.,* 552 F.3d at 665. "When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed.R.Civ.P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider 'some

materials that are part of the public record or do not contradict the complaint,' as well as materials that are 'necessarily embraced by the pleadings.' " *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir.1999) (quoting *Missouri ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1107 (8th Cir.1999). Moreover, the Supreme Court has recently determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language traditionally used to test the sufficiency of the pleadings, "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* 550 U.S.544, 563 (2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly,*. at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations. *Id.* at 556. This standard of review has been utilized by the Eighth Circuit Court of Appeals. The Court

accepts "as true all factual allegations in the complaint, giving no effect to conclusory allegations of law. The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). (Citations omitted).

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Twombly*, 544 U.S. at 555. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997).

### Discussion

Plaintiff's allegations fail to satisfy even the liberal pleading standard required to state a claim. None of the allegations in Plaintiff's Complaint give rise to a plausible Title VII claim. The Complaint utterly fails to allege a causal connection between the alleged conduct and any claimed discrimination. See *Anda v. Wickes Furniture Co, Inc*, 517 F.3d 526, 531 (8th Cir. 2008); *Benford v. Schneider Nat'l, Inc.*, Cause Number 4:08CV1822 SNLJ (E.D. MO 2009). Even

construing the allegations liberally, as the Court must in reviewing *pro se* pleadings, there are no allegations upon which Plaintiff can base claim his race, religion, or gender discrimination. Moreover, Plaintiff's claim that he was discriminated against for "upholding Federal law" does not fall within the perimeters of Title VII's protections.

Notwithstanding Plaintiff's allegation that he was shown a picture that he found offensive, there is nothing in the pleadings to even remotely connect this conduct of an employee of Defendant with any type of claimed discrimination. Plaintiff has not alleged that the showing of the picture was in anyway related to his race, religion or gender.

Furthermore, Plaintiff's single claim of retaliation cannot survive because the Complaint fails to even hint at any type of protected activity on the part of Plaintiff which would give rise to a retaliation claim.

> The Title VII antiretaliation provision has two clauses, making it "an unlawful employment practice for an employer to discriminate against any of his employees ... [1] because he has opposed any practice made an unlawful employment practice by this subchapter, or [2] because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

*Crawford v. Metropolitan Government of Nashville and Davidson County, Tenn.,*

__ U.S.__, 129 S.Ct. 846, 850 (2009).

Neither prong of the antiretaliation provision of Title VII has been satisfied. Defendant is therefore entitled to judgment as a matter of law.

While Plaintiff may have been concerned about his safety in relation to Defendant's trucks, such concern does not fall within the ambit of Title VII. Likewise, the picture which Plaintiff found offensive may have been shown to him in poor taste, the fact that he was shown the picture does not state a claim for harassment based on his race, religion and/or gender. Plaintiff's claims simply do not state a viable claim under the provisions and protections of Title VII.

**Conclusion**

Plaintiff's Complaint fails to state any plausible claim against Defendant. The facts set forth in the Complaint fail to assert a causal connection between Defendant's actions and the alleged discriminatory harassment or retaliation. As such, Defendant is entitled to judgment as a matter of law pursuant to Rule 12(c).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings is granted.

**IT IS FURTHER ORDERED** that judgment is entered in favor of Defendant and against Plaintiff.

A separate judgment is entered this same date.

Dated this 28th day of July, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE